1   Rhonda Lunsford, SBN 219239
    P.O. Box 31
2   San Leandro, CA 94577
    Telephone:(510) 759-9529
3   rrlunsford@hotmail.com

4   Attorney For Plaintiff

5

6                    **UNITED STATES DISTRICT COURT**

7                  **NORTHERN DISTRICT OF CALIFORNIA**

8                      **SAN FRANCISCO DIVISION**

9

10  JOHN DOE                                    )  Case No.:
                                                )
            Plaintiff,                          )
11                                              )
                                                )  **MEMORANDUM OF LAW IN SUPPORT**
    vs.                                         )  **OF PLAINTIFF'S MOTION TO SEAL**
12                                              )  **THE DECLARATION IDENTIFYING**
    OFFICE OF PERSONNEL MANAGEMENT,             )  **PLAINTIFF AND TO PROCEED UNDER**
13  and BLUE CROSS BLUE SHIELD                  )  **PSEUDONYM**
    ASSOCIATION, UNIVERSITY OF                  )
14  CALIFORNIA SAN FRANCISCO                    )
    MEDICAL CENTER, ALAMEDA COUNTY              )
15  HEALTH SYSTEM, SUTTER EDEN                  )
    MEDICAL CENTER, DR. YOUSSEF E.              )
16  YOUSSEF, VERONICA PERAZA, HYUNJI            )
    AHN AND SARA DULL.                          )
17                                              )
    DOES 1 through 10                           )
18                                              )
            Defendants.                         )
19                                              )
                                                )
20                                              )
                                                )
21                                              )
                                                )
22                                              )
                                                )
23                                              )

24

25                        **<u>Introduction</u>**

26      Plaintiff respectfully requests an Order to seal the declaration identifying

27  Plaintiff, and to proceed under pseudonym in place of his true and correct name to

28  protect his privacy and safety.

                                   -1-

**Legal Standard**

The Courts recognize that the public has a right to access judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995)).  A party who seeks to seal documents must overcome this presumption by meeting the 'compelling reasons" standard. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Compelling reasons exist, for example, when court documents may be used for improper purposes, such as the use of records to, "gratify private spite or promote public scandal". *Id.* at 1179.

Moreover, Rule 10 of the Federal Rules of Civil Procedure requires that every complaint include the name of all parties. Fed. R. Civ. P. 10(a). Further, Rule 17 provides that an action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a)(1).

District courts have broad discretion in deciding whether a party may proceed anonymously. *Does I through XXIII vs. Advanced Textile Corp.*, 214 F.3d 1058, at 1068 (9th Cir. 2000). The presumption is that the parties will use their real names to confront their accusers. *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, the Ninth Circuit has held that a party may proceed anonymously when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Advanced Textile Corp.*, 214 F.3d at 1068.

**Argument**

**1.    Sealing**

Plaintiff has a compelling privacy interest in sealing his identity from the public. The subject matter of the litigation at issue requires the disclosure of highly sensitive and personal health information and private details about plaintiff's medical history, medical diagnosis and prognosis, mental health status, and medication and treatment regimens. In addition, discussions, descriptions, and pictures related to intimate body parts will likely be included in the record.

Further, Plaintiff has a compelling privacy interest in sealing his identity to protect from being further subjected to improper or spiteful acts intended to disparage, shame, or inflict harm. Finally, there are no less onerous alternatives to sealing that would adequately protect Plaintiff, and sealing would not obstruct Defendant's ability to defend this action.

**2.    Proceeding Under Pseudonym**

Plaintiff's privacy interests and need for protection outweigh the public's interest in knowing his identity. Plaintiff's health struggles have caused periods of emotional distress, depression, anxiety, and isolation likely to be exacerbated if Plaintiff is required to publicly disclose his identity. Preserving anonymity is important to maintaining Plaintiff's mental wellness, and avoiding further emotional distress and the worsening of Plaintiff's overall condition.

Finally, Plaintiff remains in a facility and the public disclosure of his identity places him at risk of retaliatory harm resulting from allegations made in the complaint. The severity of Plaintiff's disability has rendered him unable to defend against physical harm or acts of retribution, making Plaintiff particularly vulnerable.

**Conclusion**

MOTION TO SEAL AND PROCEED UNDER PSEUDONYM

1    Based on the foregoing, Plaintiff respectfully requests that the Court grant this

2  motion.

3

4                                                              Respectfully Submitted,

5  DATED: March 30, 2025

6
                                                    /s/  Rhonda Lunsford
7                                                    Rhonda Lunsford, Esq.
                                                     Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO SEAL AND PROCEED UNDER PSEUDONYM