UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>       Plaintiff,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>       Defendants. | Case No.  25-cv-02930-RFL<br><br>**ORDER GRANTING MOTION FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 31 |

After multiple unsuccessful attempts to serve Defendant Hyunji Ahn, Plaintiff John Doe seeks permission to serve Ahn by publication as an alternate method of service.  (Dkt. No. 31.) For the reasons stated below, the motion is **GRANTED**.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  The California Code of Civil Procedure permits "summons [to] be served in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30.  "Substitute service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give [them] notice before resorting to the fictional notice afforded by publication' has been exercised."  *Calvert v. Al Binali*, 241 Cal. Rptr. 3d 42, 49-50 (Ct. App. 2018) (quoting *Donel, Inc. v. Badalian*, 150 Cal. Rptr. 855, 858 (Ct. App. 1978)); *see also Watts v. Crawford*, 896 P.2d 807, 811 n.5 (1995).

Plaintiff has made the following efforts to effect service on Ahn:

- On or about July 10, 2025, a Registered California process server initiated service of process at Ahn's last known address.  The process server spoke with the

1

- current resident at the address, who had moved in three months prior and had no knowledge of Ahn.

- On or about July 14, 2025, a skip trace was conducted that identified an additional prior address for Ahn. On July 16, 2025, a Registered California process server attempted service at the address. The process server made contact with Ahn's mother, who called Ahn on the phone. The process server spoke with Ahn on the phone, but she refused to give the process server her contact information for service. The process server provided Ahn with Plaintiff's counsel's information. Ahn has not reached out to Plaintiff's counsel.

- On or about July 18, 2025, a Registered California process server initiated service at Ahn's last known business address at Blue Shield of California. The process server was informed that the documents must be mailed, and that Blue Shield of California would facilitate their receipt, but would not accept service at the location.

- On or about July 31, 2025, Plaintiff's counsel contacted Blue Cross and Blue Shield Association to confirm that Ahn received service of process. Plaintiff's counsel was informed that Blue Cross and Blue Shield Association lacks authority over Ahn and could not accept service on her behalf.

- On or about August 4, 2025, Plaintiff's counsel contacted Blue Cross and Blue Shield Association to ask whether they could provide Ahn's contact information. Plaintiff's counsel was informed that Blue Cross and Blue Shield Association has no contact information for Ahn because she is an employee of Blue Shield of California.

Plaintiff has acted with reasonable diligence in attempting to serve Ahn. Given that it appears Ahn already has actual notice of this lawsuit, and that Plaintiff has exhausted other reasonable alternatives to achieve service, publication service is appropriate.

Under California law, service by publication must be conducted in accordance with California Government Code § 6064, which provides:

> Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day.

Plaintiff has shown that Ahn has ties to California, most relevantly in Walnut, California and San Diego, California. Accordingly, to maximize the chances that Ahn receives notice of this action,

2

Plaintiff shall publish the notice in newspapers of general circulation in Los Angeles County (where Walnut is located) and San Diego County.

Based on the foregoing, Plaintiff is ordered to serve Ahn by publishing the summons in the San Gabriel Valley Tribune and the San Diego Union-Tribune, in accordance with the publication process set forth in California Government Code § 6064.  Plaintiff shall commence the publication process by **September 18, 2025**, and within **14 days** of the completion of that process, Plaintiff shall file proof of service demonstrating compliance with this order.  Failure to do so may result in dismissal of this action as to Ahn, without prejudice, under Federal Rule of Civil Procedure 4(m).  Additionally, if Ahn's address is ascertained before expiration of the time prescribed for publication of the summons, Plaintiff shall mail Ahn a copy of the summons, the complaint, and the order for publication at that address.  *See* Cal. Civ. Proc. Code § 415.50(b).

**IT IS SO ORDERED.**

Dated: August 28, 2025

_____
RITA F. LIN
United States District Judge

3