UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-02930-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 74 |

　　　　The Court requests that Plaintiff and Defendant Regents of the University of California be prepared to address the following questions at the hearing on Plaintiff's application for a temporary restraining order, set for October 22, 2025, at 1:30 pm on Zoom.

1. The complaint does not appear to contain any allegations concerning the claim about Plaintiff's discharge from UC Davis Medical Center. Doesn't this bar relief?

2. Assuming Plaintiff could amend his complaint to assert such a claim, the Quality Improvement Organization (QIO) determination letter appears to conclude that Medicare will pay for UC Davis Medical Center to provide hospital services until placement is completed. (Dkt. No. 74 at 45–46.) Although the letter does not specify what placement is required, it implies that a Skilled Nursing Facility would be appropriate if it would accept Plaintiff. Although Plaintiff contends that Integrity is

not taking proper care of him, on what basis does Plaintiff contend that the QIO determination letter was violated?

3. Assuming Plaintiff could assert a violation of the QIO determination letter, or the federal regulations concerning discharge (*e.g.*, 42 C.F.R. § 482.43), what is the source of a private right of action against Regents on that basis?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: October 21, 2025

_____
RITA F. LIN
United States District Judge