UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>    Defendants. | Case No. 25-cv-02930-RFL<br><br>**ORDER DENYING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 74 |

On March 30, 2025, Plaintiff John Doe sued Defendants Office of Personnel Management ("OPM"), Blue Cross and Blue Shield Association, University of California San Francisco Medical Center, Alameda County Health System, Sutter Eden Medical Center, Dr. Youssef E. Youssef, Veronica Peraza, Hyunji Ahn, Sara Dull, and Does 1 through 10, alleging that Defendants improperly denied his health benefit claims, failed to provide him with medical treatment and rehabilitation necessary for his medical condition, improperly discharged him from UCSF Medical Center, and included false, derogatory notations in his medical records that he was "uncooperative" and "hospital hopping." (Dkt. No. 1.) From March 2025 to October 2025, Doe was hospitalized at the University of California Davis Medical Center. However, on October 6, 2025, Doe was discharged to Integrity Care Group. (Dkt. No. 74.)

Doe now moves for a temporary restraining order and preliminary injunction, requesting an order (1) requiring the UC Regents to arrange his immediate transfer from Integrity to a

qualified medical facility outside of the Regents' hospital network, (2) requiring Blue Cross and Blue Shield Association to authorize and pre-certify long-term acute care ("LTAC") benefits for admission to a LTAC hospital, (3) requiring the Regents and other hospital provider defendants to issue a clarifying addendum regarding any derogatory notations in Doe's medical records (*i.e.*, that he was "non-compliant" and a "hospital hopper"), (4) affording Doe an opportunity to participate in future discharge planning, (5) prohibiting Defendants from retaliating against Doe, and (6) requiring Defendants to appear at a status conference to report on Doe's current medical condition and placement. (*Id*.) For the reasons that follow, Doe's application for a temporary restraining order is **DENIED**. This order assumes the parties' familiarity with the underlying facts, the applicable legal standards, and both sides' arguments.

Doe's application for a temporary restraining order is denied because he has failed to demonstrate (a) a likelihood of success, or at least a serious question, as to the merits of his claims concerning the discharge at issue, or (b) that he will suffer immediate, irreparable harm in the absence of preliminary relief concerning the notations in his file. *See Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008).

Doe is unlikely to succeed on the merits of his claims arising from his allegations that his discharge from UC Davis Medical Center violated safe-discharge regulations and defied a determination from Livanta, the federal Quality Improvement Organization ("QIO"), that doing so was unsafe. As an initial matter, Doe's complaint does not assert claims against UC Davis Medical Center or contain any allegations surrounding his allegedly improper discharge from that hospital. Instead, Doe pleads allegations pertaining only to his discharge from UCSF Medical Center. (Dkt. No. 1 at ¶ 23.) Although Doe's counsel proposed during oral argument to amend the complaint, the Court cannot grant preliminary relief on claims that have not been pled in the complaint. Furthermore, even if Doe were to amend his complaint to bring such claims, Doe has not pointed to a statutory basis for a private right of action to enforce the safe-discharge regulations or the QIO determination against the Regents, and there does not appear to be one in the statute authorizing the regulations that Doe contends were violated when the Regents

2

discharged him to Integrity.  *See* 42 U.S.C. § 1395x(e) (defining the term "hospital" as used in the Social Security Act); *see also Save Our Valley v. Sound Transit*, 335 F.3d 932, 936 (9th Cir. 2003) ("[A]n agency regulation cannot create individual rights enforceable through § 1983.").  Accordingly, Doe has not raised a serious question as to the merits of his claims against Regents.

Nor is Doe likely to succeed on the merits of his argument that Blue Cross and Blue Shield Association violated the Administrative Procedure Act by refusing to implement OPM's order requiring them to provide him LTAC.  Doe's complaint does not plead an APA claim.  Moreover, Blue Cross and Blue Shield Association are not federal agencies and therefore are not amenable to suit under APA section 706(1).  *See* 5 U.S.C. § 701(b)(1); *Ursack, Inc. v. Sierra Interagency Black Bear Grp.*, 639 F.3d 949, 955 (9th Cir. 2011).  Doe has thus not demonstrated that he is likely to succeed, nor raised a serious question, as to the merits of an APA claim against Blue Cross and Blue Shield Association.

As to the notations in his medical records, Doe has failed to demonstrate that he will be subject to immediate, irreparable harm from the notations at issue.  While Doe asserts that these notations "have been circulated to facilities and to insurers, resulting in repeated refusals of admission and denial of appropriate levels of care," (Dkt. No. 74 at 12), the only specific allegation pertaining to such notations is that on January 23, 2025, Defendant Youseff at San Leandro Hospital "made comments in [Doe's] medical record falsely portraying [his] representative as being uncooperative and claiming, without basis, that [he] had been 'hospital hopping,'" (Dkt. No. 1 at ¶ 40).  Doe offers only conclusory allegations that the notations were the reason why the unnamed facilities and providers refused to admit him and failed to provide him appropriate levels of care.  (Dkt. No. 74 at 12.)  And beyond mere speculation, Doe has not adequately shown that he is likely to be refused future admission to facilities or proper medical treatment because of the notations in his medical records.  Doe has therefore failed to demonstrate that he is likely to suffer immediate, irreparable harm if such notations remain in his medical records.  *Coyote Valley Bank of Pomo Indians v. Findleton*, No. 22-CV-00607-JST, 2022 WL 1601412, at *1 (N.D. Cal. Feb. 8, 2022) ("To establish a likelihood of irreparable

harm, the moving party must provide more than conclusory or speculative allegations." (quoting *Turo Inc. v. City of Los Angeles*, 847 F. App'x 442, 444 (9th Cir. 2021))).

    Doe's medical situation is undeniably serious, and the allegations concerning his discharge to a facility that cannot provide him adequate care are quite troubling, particularly in light of Livanta's determination regarding his ongoing needs.  However, he has not met his burden to show a serious question as to whether he has a private right of action to enforce the federal regulations at issue, or that he satisfies the requirements for preliminary injunctive relief as to his other claims.  Doe's application for a temporary restraining order is therefore denied.

    **IT IS SO ORDERED.**

Dated: October 27, 2025

RITA F. LIN
United States District Judg