**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; BLUE CROSS BLUE SHIELD ASSOCIATION; VERONICA PERAZA; HYUNJI AHN; Doctor YOUSSEF E. YOUSSEF; SARA DULL; REGENTS OF THE UNIVERSITY OF CALIFORNIA; UCSF MEDICAL CENTER; ALAMEDA HEALTH SYSTEM; EDEN MEDICAL CENTER,<br><br>　　　　Defendants - Appellees. | No. 25-7438<br><br>D.C. No.<br>3:25-cv-02930-RFL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Rita F. Lin, District Judge, Presiding

Submitted May 21, 2026[**]
San Francisco, California

Before: CLIFTON, BEA, and SANCHEZ, Circuit Judges.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff John Doe filed this interlocutory appeal of the district court's denial of his motion for a temporary restraining order ("TRO").  We dismiss Doe's appeal for lack of jurisdiction.[1]

1.  An order denying a TRO is generally not appealable under 28 U.S.C. § 1292(a)(1), which limits this Court's jurisdiction to review denials of preliminary injunctions.  *See Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989).  We have recognized that a TRO denial "may be appealed if the circumstances render the denial 'tantamount to the denial of a preliminary injunction.'"  *Id.* (quoting *Env't Def. Fund, Inc. v. Andrus*, 625 F.2d 861, 862 (9th Cir. 1980)).  This is so if the denial of the TRO followed a "full adversary hearing" and, "in the absence of review, the appellants would be effectively foreclosed from pursuing further interlocutory relief."  *Andrus*, 625 F.2d at 862.

2.  The denial of Doe's motion for a TRO did not follow a full adversary hearing.  The district court invited only one defendant out of many to the hearing and received opposition briefs from some but not all defendants.  Moreover, the district court acknowledged at the non-evidentiary hearing that relief on a more fulsome record or amended claims may be a possibility.  *Compare Religious Tech.*

---

[1] The previously filed disposition in this matter was vacated (Dkt. No. 62), and this matter was reconsidered anew by the reconstituted panel.

25-7438

*Ctr.*, 869 F.2d at 1309 n.6 (finding that "a non-evidentiary adversary hearing at which all parties were represented" satisfied the "full adversary hearing" requirement where "[t]he record below ma[de] it clear that an evidentiary hearing would have been pointless").

3.  Nor did the district court order foreclose the possibility that Doe could pursue interlocutory relief in the future.  The district court denied the TRO because Doe's motion relied on unpleaded theories and conclusory allegations.  Though the district court suggested that certain unpleaded theories may not be colorable, the district court's order did not indicate that further amendment was futile, and it did not reach the legal merits of several of Doe's other claims.  Under these circumstances, where the district court did not foreclose the possibility of injunctive relief in the future and even acknowledged the seriousness of Doe's initial allegations, it is not "unmistakably clear" that future applications for preliminary injunctive relief by Doe would be futile.  *Religious Tech. Ctr.*, 869 F.2d at 1308–09.[2]

Accordingly, because the denial of Doe's motion for a TRO was not tantamount to the denial of a preliminary injunction, we lack jurisdiction to

---

[2] After Doe filed this appeal, the district court resolved Defendant-Appellees' motions to dismiss Doe's complaint, granting the motions but giving Doe leave to amend several of his claims.  The possibility of further amendment reinforces the point that Doe has not been foreclosed from pursuing preliminary injunctive relief.

25-7438

consider Doe's appeal.  *See id.* at 1308.

**DISMISSED.**

25-7438

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

### Judgment

- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

### Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)

- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

### Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)

### (1) Purpose

#### A. Panel Rehearing:

- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ➤ A material point of fact or law was overlooked in the decision;
  - ➤ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ➤ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

#### B. Rehearing En Banc

- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - ➤ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - ➤ The proceeding involves a question of exceptional importance; or

1

➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➤ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➤ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

Post Judgment Form - Rev. 8/2025

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                                                    **Date**
*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*